UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 3:08-cr-277-J-32MCR

TEANDREA M. BEASLEY

GOVERNMENT'S NOTICE OF MAXIMUM PENALTIES, ELEMENTS
OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS

COMES NOW the United States of America, by and through its undersigned Special Assistant United States Attorney, stating as follows:

A.   MAXIMUM PENALTIES

The defendant has expressed a desire to enter a plea of guilty to the offense charged in Count One of the Indictment. Count One charges the defendant with theft of public property in excess of $1,000, in violation of Title 18, United States Code, Section 641. The maximum penalties for Count One are a term of imprisonment of up to 20 years, a fine of up to $250,000, or both, a term of supervised release of up to 3 years, and a special assessment of $100, said special assessment to be due on the date of sentencing.

B.   ELEMENTS OF THE OFFENSE

The elements of an offense in violation of Title 18, United States Code, Section 641 are:

First:   That the money or property described in the Indictment belonged to the United States;

  Second:  That the Defendant stole such money or property for his own use or the use of another;

  Third:  That the Defendant did so knowingly and willfully with intent to deprive the owner of the use or benefit of the money or property so taken;

  Fourth:  That the money or property had a value in excess of $1,000.

    C.  <u>PERSONALIZATION OF ELEMENTS</u>

1. Do you admit that, the merchandise and currency described in the Indictment belonged to the United States, to wit: the United States Navy Exchange Command ("NEX")?

2. Do you admit that, from on or about October 26, 2007 until on or about October 29, 2007, you stole such merchandise and currency for your own use or for the use of another, namely, through the false pretenses of writing 11 worthless checks to the NEX for $8631.31 worth of merchandise and $150.00 in United States currency when you knew that you did not have sufficient funds to cover the transaction?

3. Do you admit that you stole the merchandise and currency knowingly and willfully with the intent to deprive the NEX of the use or benefit of the money so taken?

4. Do you admit that the merchandise and currency you stole has a value greater than $1,000?

    D.  <u>FACTUAL BASIS</u>

  1.  <u>Purpose</u>

The following facts are set forth to aid the Court in making an inquiry to satisfy it that there is a factual basis for the plea of guilty in accordance with Rule 11(f),

2

Fed. R. Crim. P. The government reserves its right to provide all relevant information concerning the defendant and the offense committed to the Probation Office and the Court for sentencing purposes.

2. Facts

On August 9, 2007, the defendant TEANDREA BEASLEY opened bank account #0034631506 with Compass Bank. Although she briefly maintained a positive balance between $140 and $210, by August 22, 2007, her checking account was in the red; in fact, her checking account never again regained a positive balance.[1] In late October, 2007, BEASLEY had a negative balance in her checking account, yet over a period of 4 days beginning on October 26, 2007, BEASLEY wrote 11 worthless checks to the Mayport Navy Exchange ("NEX"), which is located in Duval County, in the Middle District of Florida.

Through the false pretenses of writing worthless checks, BEASLEY was able to steal $8631.31 worth of merchandise and $150 in United States currency from the NEX. BEASLEY stole the $150 in currency by "paying" for $14.80 worth of small items with a worthless check written for $164.80, thereby enabling her to illegally obtain $150 in "cash back." Merchandise stolen by BEASLEY included 2 Hewlett Packard laptop computers, clothing, cigarettes, and more than $3,000 worth of assorted jewelry. BEASLEY sold most of the merchandise to a local pawn shop in exchange for cash.

When she presented the 11 checks to the NEX, BEASLEY knew that she did not

---

[1] BEASLEY's Compass Bank account also had a "Basic Savings" account; however, BEASLEY only maintained a *de minimus* amount in it--and never more than $25.

have sufficient funds with which to honor the checks, and did not intend to honor the checks at sometime in the future. BEASLEY used the checks as a false pretense by which to steal $8781.31 worth of merchandise and currency from the NEX. BEASLEY did not tell the truth when she told a representative of the Naval Criminal Investigative Service ("N.C.I.S.") that a drug dealer named "Dude" was supposed to transfer $9,000 into BEASLEY's account.

The Navy Exchange is a command within the Department of the Navy, and all merchandise and cash within the NEX system is property of the United States Navy.

Respectfully submitted

A. BRIAN ALBRITTON
United States Attorney

By: *[signature]*
RONALD D. DESANTIS
Special Assistant United States Attorney
Florida Bar No. 0015976
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-mail: ron.desantis@usdoj.gov

U.S. v. Beasley                                        Case No. 3:08-cr-277-J-32MCR

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Lisa Call (Defense Counsel)

/s/ Ronald D. DeSantis
RONALD D. DESANTIS
Special Assistant United States Attorney
Florida Bar No. 0015976
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Telephone:  (904) 301-6300
Facsimile:  (904) 301-6310
E-mail:     ron.desantis@usdoj.gov